UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA

       - v. -

       INDICTMENT

       08 Cr. _____

ANTHONY CARY,
    a/k/a, "Ant,"

             Defendant.
- - - - - - - - - - - - - - - - - - -x

Judge McMahon

08 CRIM 269

## COUNT ONE

The Grand Jury charges:

1.  From at least in or about June 2006, up to and including on or about July 12, 2007, in the Southern District of New York and elsewhere, ANTHONY CARY, a/k/a, "Ant," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

2.  It was a part and an object of the conspiracy that ANTHONY CARY, a/k/a, "Ant," the defendant, and others known and unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, five kilograms and more of mixtures and substances containing a detectable amount of cocaine, in violation of Sections 812, 841(a)(1), and

1

841(b)(1)(A) of Title 21, United States Code.

## OVERT ACTS

3. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

    a. On or about July 12, 2007, a co-conspirator not named as a defendant herein ("CC-1"), received a call from ANTHONY CARY, a/k/a, "Ant," the defendant, alerting CC-1 that he was having a mail package delivered to CC-1's apartment which he would later pickup.

    b. On or about July 12, 2007, CC-1 received a mail package containing approximately 4 kilograms of cocaine in Manhattan, New York.

(Title 21, United States Code, Section 846.)

## COUNT TWO

The Grand Jury further charges:

4. In or about July 2007, in the Southern District of New York and elsewhere, ANTHONY CARY, a/k/a, "Ant," the defendant, and others known and unknown, unlawfully, intentionally, and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

5. It was a part and an object of the conspiracy that ANTHONY CARY, a/k/a, "Ant," the defendant, and others known and

2

unknown, would and did distribute, and possess with intent to distribute, a controlled substance, to wit, 500 grams and more of mixtures and substances containing a detectable amount of methamphetamine, in violation of Sections 812, 841(a)(1) and 841(b)(1)(A) of Title 21, United States Code.

## OVERT ACTS

6. In furtherance of the conspiracy, and to effect the illegal object thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere:

   a. On or about July 12, 2007, CC-1 received a call from ANTHONY CARY, a/k/a, "Ant," the defendant, alerting CC-1 that he was having a mail package delivered to CC-1's apartment which he would later pickup.

   b. On or about July 12, 2007, CC-1 received a mail package containing approximately 896 grams of methamphetamine in Manhattan, New York.

(Title 21, United States Code, Section 846.)

## FORFEITURE ALLEGATION

7. As a result of committing the controlled substance offenses alleged in Counts One and Two of this Indictment, ANTHONY CARY, a/k/a, "Ant," the defendant, shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds the said defendant obtained directly or indirectly as a result of the said

violations and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violations alleged in Counts One and Two of this Indictment.

### Substitute Asset Provision

8. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Sections 841(a)(1), 846 and 853.)


_____  
FOREPERSON

_____  
MICHAEL J. GARCIA  
United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

ANTHONY CARY,
a/k/a, "Ant,"

Defendant.

INDICTMENT

07 Cr. ___

(Title 21 Sections 841(a)(1), 846 and 853)

Michael J. Garcia
United States Attorney.

**A TRUE BILL**

_____
Foreperson.